# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Criminal Action No. 2016-0009 |
| SERGIO QUINONES-DAVILA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Sergio Quinones-Davila*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER came before the Court for a show cause hearing on November 28, 2018. The hearing was conducted in connection with the Court's October 12, 2018 Order requiring counsel for Defendant Sergio Quinones-Davila ("Defendant")—Kye Walker, Esq.—to show cause why she should not be sanctioned pursuant to the Court's inherent powers for her failure to comply with the Court's deadline for the filing of Defendant's sentencing memorandum. (Dkt. No. 1656).

Included in her response to the Court's Order was a request by Attorney Walker that the undersigned Judge recuse herself from the show cause hearing. The Court writes to memorialize the rationale for its decision to deny Attorney Walker's request for recusal, and to enter an Order for the sanction imposed—both of which were orally communicated at the hearing.

## I. BACKGROUND

On September 10, 2018, Defendant—through counsel—filed a motion requesting an eight-day extension of time, until September 21, 2018, to file his objections to the presentence investigation report issued by the U.S. Probation Office in preparation for Defendant's sentencing hearing, then scheduled for October 31, 2018. (Dkt. No. 1617). The Court granted Defendant's motion by Order dated September 12, 2018. In its Order granting Defendant's motion, the Court advised Defendant and his counsel that, "[i]n view of the need for the Court to receive and consider the final Presentence Investigation Report from the U.S. Probation Office and the parties' sentencing memoranda prior to sentencing, the Court will not look favorably on further requests for extension of time." (Dkt. No. 1618).

By separate Order entered on September 12, 2018, the Court set deadlines for the filing of the parties' sentencing memoranda. (Dkt. No. 1623). The Order provided Defendant with up to and including October 9, 2018 to file his sentencing memorandum, and the Government with up to and including October 16, 2018 to file its response.

At 4:47 p.m. on Defendant's October 9, 2018 filing deadline, Defendant filed a motion to file his sentencing memorandum under seal. (Dkt. No. 1646). Because the motion provided no justification in support of the request to seal, the Court denied the motion without prejudice at 5:22 p.m. that same day. (Dkt. No. 1647). In view of the fact that Defendant filed the motion to seal on the October 9, 2018 deadline for the submission of his sentencing memorandum, the Court inferred that Defendant's counsel was fully aware of the filing deadline. The Court's inference in that regard was confirmed by Attorney Walker's acknowledgment in her response to the Court's Order to Show Cause that "[s]he intended to file the sentencing memorandum on October 9, 2018, and caused the filing of the necessary motion to seal on that date." (Dkt. No. 1674 at 2).

At 1:05 p.m. on October 10, 2018, Defendant filed a second motion to seal his sentencing memorandum to correct the deficiency in the first filing. (Dkt. No. 1649). The Court granted the motion at 3:19 p.m on the same day. (Dkt. No. 1650). However, Defendant's sentencing memorandum was not filed on October 10, 2018; nor was it filed on October 11, 2018; nor was it filed through the close of business on October 12, 2018. Further, no motion for an extension of time was filed during this period, which—by October 12—was three days past the due date.[1]

In light of Defendant's failure to file his sentencing memorandum or a motion for extension of time by the close of business on October 12, 2018, the Court entered an Order to Show Cause on October 12, 2018 at 7:04 p.m. In its Order to Show Cause, the Court noted that Defendant had failed to file his sentencing memorandum or a motion for extension of time despite his counsel's "apparent awareness of the deadline," as reflected by the filing of the motions to seal. (Dkt. No. 1656 at 1-2). The Court also expressed its concern with Defendant's failure to timely file his sentencing memorandum or to request an extension of time, given that the Court had previously informed Defendant and his counsel of its need to receive and consider the final Presentence Investigation Report and the parties' sentencing memoranda prior to the scheduled sentencing hearing. *Id.* at 2. The Court—describing the basis for its Order to Show Cause—noted that

---

[1] In her response to the Order to Show Cause, Attorney Walker explained that she was overseas in Indonesia at the time and that internet service was temporarily unavailable as a result of an earthquake and was "spotty" during the subsequent days. (Dkt. No. 1674 at 2-3). The Court notes, however, that Attorney Walker made filings in another matter before the Court during this period. Attorney Walker filed a motion to waive her appearance at arraignment in *United States v. Benjamin, et al.*, Criminal Action No. 2016-0021, on October 11, 2018 at 1:44 p.m. (Dkt. No. 487, CR. NO. 2016-0021), and a notice regarding her appearance at arraignment at 4:44 p.m. on the same day (Dkt. No. 489, CR. NO. 2016-0021). She also submitted an emergency motion to dismiss and stay arraignment in *United States v. Benjamin* on October 12, 2018 at 6:39 a.m. (Dkt. No. 491, CR. NO. 2016-0021). Indeed, counsel herself acknowledges that she "should have exercised more diligence to follow up with the filing of the sentencing memorandum or to request an extension of time[.]" (Dkt. No. 1674 at 3).

3

Defendant was "operating on his own schedule without either prior permission of the Court or any knowledge by the Court as to when his sentencing memorandum will be filed." *Id.*

At 9:14 a.m. on October 16, 2018—one week past the deadline and with no submission by Defendant of either a sentencing memorandum or a motion for extension of time—the Court, *sua sponte*, set a new deadline of October 17, 2018, without prejudice to the Court's Order to Show Cause. (Dkt. No. 1661). Defendant responded on October 17, 2018 with a motion for a one-day extension of time—until October 18, 2018—to file his sentencing memorandum. (Dkt. No. 1663). This was Defendant's first filing in this case since his October 10, 2018 motion to file his sentencing memorandum under seal. The Court granted the motion for an extension of time on October 18, 2018, while noting in its Order that the request for an extension provided a further indication to the Court that "Defendant has operated on his own schedule without consideration of the Court's previously-expressed need to receive and review the parties' sentencing memoranda prior to Defendant's sentencing hearing." (Dkt. No. 1664 at 2). The Court granted the motion "[n]otwithstanding Defendant's continued disruption of the Court's schedule" and "without prejudice to the pending Order to Show Cause." *Id.*

Defendant failed to file his sentencing memorandum on October 18, 2018. Instead, he filed it one day late—on October 19, 2018. (Dkt. No. 1665). Defendant did not seek an extension of time to file his sentencing memorandum on October 19, 2018, nor did he file a request with the memorandum to file it out of time.

## II.     DISCUSSION

In her response to the Order to Show Cause, Attorney Walker requested that the undersigned Judge recuse herself from the show cause hearing. (Dkt. No. 1674 at 4). As grounds for her request, counsel claimed that recusal was necessary because of the Court's alleged bias as

4

reflected by alleged disparity of treatment, and the Court's alleged predetermined conclusions with regard to the outcome of the show cause hearing. Specifically, counsel alleged that: (1) the Court treated her differently than it treated Government counsel in light of the fact that the Government missed two filing deadlines but was not "issued show cause orders or subject to the Court's public reprimand or vitriol"; and (2) because of the Court's assertion in its Order to Show Cause and Order granting Defendant's motion for extension of time that Defendant was "operating on his own schedule," the Court had "already formed conclusions regarding [Attorney Walker's] perceived conduct without first hearing from [Attorney Walker] with regard to her delay in filing the sentencing memorandum." (Dkt. No. 1674 at 4).

The Court finds that counsel's request for recusal is both factually inaccurate and legally flawed. The statute governing the disqualification of a judge is found at 28 U.S.C. § 455. Title 28 U.S.C. § 455(a) provides, in pertinent part, that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." Title 28 U.S.C. § 455(b) provides, in pertinent part, that a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . ."

In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court provided guidance on when recusal is required on the basis of a judge's alleged bias or partiality. The Supreme Court concluded:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

5

*Id.* at 555. In contrast to remarks that reveal a "high degree of favoritism or antagonism" *id.*, and thus warrant recusal, the Supreme Court stated:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration— remain immune.

*Id.* at 555-56 (emphasis in original).

The Court concludes that nothing in the record remotely approaches the kind of favoritism or antagonism that would warrant recusal here. In her response to the Order to Show Cause, Attorney Walker references the "public reprimand or vitriol" to which she allegedly was subject by the Court. (Dkt. No. 1674 at 4). This appears to be directed at the Court's statement in its Order to Show Cause that "Defendant is . . . operating on his own schedule without either prior permission from the Court or any knowledge by the Court as to when his sentencing memorandum will be filed" (Dkt. No. 1656 at 2, *see* Dkt. No. 1664 at 2), and the statement in the Court's October 18, 2018 Order that it would grant Defendant's motion for extension of time to file the sentencing memorandum "[n]otwithstanding Defendant's continued disruption of the Court's schedule . . . ." (Dkt. No. 1664 at 2).

Although counsel apparently takes umbrage at the remarks, both statements reflected the undersigned Judge's opinions based on "events occurring in the course of the current proceedings." *See Liteky*, 510 U.S. at 555. Those opinions were based on the fact that Defendant did not seek prior permission from the Court to file his sentencing memorandum out of time, and that absent a motion for extension of time, the Court had no knowledge as to

6

when Defendant's sentencing memorandum would be filed.[2] The opinions were also based on the fact that Defendant's delay in filing his sentencing memorandum disrupted the Court's schedule as it prepared for multiple sentencing hearings in this case. The problem here was magnified by the fact that counsel's delay necessarily required corresponding extensions of the deadline for the Government's response to Defendant's sentencing memorandum, and left the Court with increasingly less time to consider the issues presented. In short, the Court's opinions—based on these indisputable facts, and as expressed in its Orders—are not only permissible, but are a far cry from the type of remarks that "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Thus, the statements provide no basis for a claim of bias or partiality warranting recusal.

The Court also disagrees with Attorney Walker's suggestion that the result of the show cause hearing was predetermined because the above-referenced statements indicate that "the Court ha[d] already formed conclusions" regarding her conduct without first hearing from Attorney Walker. (Dkt. No. 1674 at 4). The purpose of the Court's Order to Show Cause is to place a party on notice of the underlying conduct that led the Court to issue the Order and set a show cause hearing, such that the party may have a fair opportunity to challenge the Court's recitation of the underlying facts and/or explain to the Court why the imposition of sanctions is not warranted under the circumstances. Thus, the Court must, necessarily, have come to some preliminary determination as to the impropriety of the conduct involved so as to justify the issuance of the Order to Show Cause in the first place. That does not mean, however, that the Court has reached a final conclusion on the ultimate issue of whether a sanction should be

---

[2] Indeed, up to one week after the deadline for the sentencing memorandum, nothing had been filed by counsel, thus necessitating an Order from the Court setting another deadline.

imposed in light of the conduct as perceived by the Court. Indeed, that is why there is an opportunity for the party to respond in writing and to make an oral presentation at a hearing. Here, the Court's recitation of the underlying conduct resulting in the Order to Show Cause gave Attorney Walker the opportunity to make her case. It was not an indication that the Court had formed a conclusion prior to the hearing as to whether sanctions would be imposed.

With regard to Attorney Walker's allegation that the Court has treated her failure to comply with a deadline differently than it treated similar failures by the Government, the undersigned Judge stands on her record of impartial treatment of all parties that appear before her. It is indeed true that the undersigned Judge does not issue an Order to Show Cause in each instance that a party fails to meet a deadline, and did not do so in the two instances cited by Attorney Walker in her response to the Order to Show Cause. Undoubtedly, Attorney Walker herself has been a beneficiary of such treatment by the Court in the past. Contrary to Attorney Walker's contention, however, it is not the particular party or the attorney involved that guides the Court's decision as to whether to issue an Order to Show Cause, but rather the facts of the particular situation and the context in which it arises.

Such was the case here. Indeed, the situation here is clearly distinguishable from the two instances to which Attorney Walker refers in her response to the Order to Show Cause where the Government missed deadlines established by rule to respond to post-trial motions for judgment of acquittal filed by Defendants in this case. Unlike those instances, on this occasion: (1) Attorney Walker was previously advised that the Court sought to ensure that the deadlines leading up to the sentencing hearing were met so that the Court would have sufficient time to review and consider the Presentence Investigation Report and the parties' sentencing memoranda prior to the sentencing hearing; (2) the deadlines for the filing of sentencing

memoranda were specifically set by Court Order; (3) it was apparent that Attorney Walker was aware of the deadline for the sentencing memorandum, as indicated by her filing of the motions to file the sentencing memorandum under seal, and thus, the Court was not of the view that the deadline may have been inadvertently missed; and (4) whenever there was a delay in Defendant's submission, it necessarily required an extension of the deadline for the Government to respond, thus resulting in a further disruption of the Court's schedule and increasingly less time for the Court's review and consideration of the issues raised in the various sentencing submissions. In other words, just as in every other case, the facts and context here mattered and guided the Court's determination that an Order to Show Cause was warranted under the circumstances.

In sum, the Court finds that Attorney Walker's claims of bias or partiality are baseless. Accordingly, for the foregoing reasons, the Court denied Attorney Walker's request that the undersigned Judge recuse herself from the show cause hearing.

Finally, at the November 28, 2018 show cause hearing, Attorney Walker relied on her written response to the Order to Show Cause without any oral presentation. For the reasons placed on the record during the show cause hearing, the Court finds that Attorney Walker's explanation in her written submission for her failure to comply with the Court-ordered deadline was unacceptable, and that her conduct in failing to timely file either Defendant's sentencing memorandum or a motion for extension of time warrants the Court's exercise of its inherent power to impose a monetary penalty on counsel as a sanction for her noncompliance. *See In re Cendant Corp.*, 260 F.3d 183, 199 (3d Cir. 2001); *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 566 (3d Cir. 1985).

**ORDER**

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the request by counsel for Defendant—Kye Walker, Esq.—that the undersigned Judge recuse herself from the hearing on the Court's Order to Show Cause is **DENIED**; and it is further

**ORDERED** that Attorney Kye Walker shall pay $100 to the Clerk of Court by no later than **5:00 p.m. on December 7, 2018** as a sanction for her noncompliance with the Court-ordered deadline, as set forth in the Court's Order to Show Cause.

**SO ORDERED**.

Date:   December 3, 2018 _____/s/_____
WILMA A. LEWIS
Chief Judge